OVERTON, J.
 

 The defendant, Lewis E. Prest, agreed to sell to the plaintiff, H. J. Harvey, certain real property, located in the city of New Orleans, for $30,000. The contract between the parties provides that plaintiff, upon the signing of it, shall deposit $3,000 on account of the purchase price, and contains a provision reading as follows, to wit:
 

 “The parties hereto waive the benefits conferred by article 2463 of Revised Civil Code, and agree that neither shall have the right to recede from this contract by forfeiture of the deposit by the one, or return of double by the other.”
 

 Plaintiff deposited the $3,000, as provided by the contract, and defendant and his broker signed a receipt for the amount. Shortly after signing the contract and making the deposit, plaintiff caused a survey to.be made of the property, and, whethei! rightly or wrongly, he reached the conclusion that defendant was unable to deliver the property according to the title deeds, because of a shortage in measurements. Plaintiff wrote defendant accordingly, and made demand upon him for the $3,000, deposited by him, and notified defendant that, in the event he should be forced to sue for the deposit, he would claim double-the amount thereof, on the theory that the-$3,000 was deposited as earnest money. Defendant, upon receipt of this letter, madé no-attempt to enforce specific performance, but later donated the property he agreed to sell plaintiff to the Prest Memorial Home.
 

 Later plaintiff brought the present suit to recover of defendant the $3,000 deposited by him, with legal interest thereon from judicial demand until paid, on the ground that defendant was unable to deliver the property he had agreed to sell, as per title deeds, because of shortage in measurements, and, further, upon the ground that defendant had rendered himself unable to comply with his contract by donating the property to another. Before the case reached trial plaintiff abandoned the first ground upon which he sued, and announced his intention of relying solely on the second ground to recover.
 

 Defendant concedes that he donated the property, which he agreed to sell, to the Prest Memorial Home, but urges that he did not do so until after plaintiff had written him the letter, mentioned above, in which plaintiff refused to purchase, and that this refusal left him at liberty to dispose of the property as he saw proper. Defendant also urges that the provision in the contract, quoted above, relative to the waiver of the benefits conferred by article 2463 of the Civil Code, does not
 
 *281
 
 prevent him from claiming the deposit as forfeited earnest money, since the only effect of that provision is to give to either party to the contract the right to insist on' specific performance, notwithstanding the provisions of article 2463 of the Civil Code, and, moreover, that plaintiff, after he signed the contract, verbally consented to forfeit the deposit. Defendant also sues in reconvention for $500 attorney’s fees for defending this suit.
 

 Article 2463 of the Civil Code, mentioned above, is virtually reproduced in the provision in the contract relating to the waiver, and reads as follows:
 

 “But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise, to wit: He who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”
 

 By the provision in the contract, quoted above, both parties to the instrument waived the benefits conferred by this article, and agreed that neither should have the right to recede from the° contract, plaintiff by forfeiting the amount deposited by him, and defendant by forfeiting twice the amount thereof. It was perfectly proper for the parties to thus contract. The effect of the waiver was not, as contended by defendant, to permit him to retain the deposit, and do what he wished with the property, or to sue for specific performance, should plaintiff refuse without legal cause to comply with the contract, but to limit him to the right to sue for such performance. If he elected not to sue for specific performance, it then became his duty to return the deposit: This is so, because not only was the right of either party to recede from the contract by forfeiting the amount prescribed in the article surrendered, but all the benefits conferred by the article were waived, and one of these benefits is the right to retain the deposit on the refusal, without legal cause, of the party agreeing to purchase, to comply with his contract. Since defendant, when plaintiff refused to comply, did not elect to sue for specific performance, but placed himself in such position that he could not successfully sue for it, by donating the property to another, it is his duty to return the deposit. The case is not affected by the fact that plaintiff, in his letter demanding the return of the deposit, treated the deposit as earnest money, and threatened to claim the double, if he was forced to sue. This threat was based merely upon a misconception by plaintiff of his own legal rights, and since defendant was charged with knowledge of what the contract contained, he was not prejudiced by this misconception. With reference to the contention that defendant, after signing the contract, consented to forfeit the deposit, it may be said that the evidence does not establish that contention. Our conclusion, therefore, is that plaintiff should return the deposit.
 

 As relates to the attorney’s fees sued for by defendant, he is not entitled to them. While the contract provides for the payment of attorney’s fees in the event defendant should employ counsel to enforce the contract, 'yet this clause relates to the employment of counsel to enforce specific performance. Since defendant has not sued for specific performance, and, moreover, since he has lost this suit, it is clear that he is not entitled to the attorney’s fees demanded.
 

 Plaintiff, in his answer to the appeal, has asked for 10 per cent, damages for frivolous appeal. Such damages are not allowed, unless the appeal is clearly frivolous. We are not prepared to say that the appeal in this instance, which involves the interpretation of a contract, is clearly frivolous.
 

 The trial court rendered judgment in favor of plaintiff for the $3,000 deposited by him, with legal interest thereon from judicial demand until paid. The judgment is correct.
 

 
 *283
 
 For these reasons, the judgment appealed from is affirmed.